UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMONDE LOUIS,

                Plaintiff,

- v. -

NANCY A. BERRYHILL
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

**ORDER**

17 Civ. 5975(PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Edmonde Louis filed this action on August 8, 2017, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Dkt. No. 1) She seeks review of a final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits. (Id.) On August 10, 2017, this action was referred to Magistrate Judge Barbara C. Moses for a Report and Recommendation ("R&R"). (Dkt. No. 6) On April 30, 2018, Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that the decision of the Administrative Law Judge ("ALJ") that Plaintiff had the residual capacity to perform sedentary work is not supported by substantial evidence, and that the case should be remanded. (Dkt. No. 16) On May 21, 2018, the case was reassigned to Magistrate Judge Robert W. Lehrburger. On June 28, 2018, the Commissioner cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 18)

        On October 11, 2018, Magistrate Judge Lehrburger issued an R&R recommending that this Court grant Plaintiff's motion, deny the Commissioner's motion, and

remand the case for further development of the record. (Dkt. No. 20) The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file timely objections will preclude appellate review." (Id. at 41-42); see 28 U.S.C. § 636(b)(1) ("[w]ithin fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

The R&R was sent to the parties on October 11, 2018. (Dkt. No. 20) No objections have been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Because no objections have been filed, this Court will review the R&R for clear error.

Having conducted a review of the R&R, the Court finds that the R&R is not clearly erroneous and, in fact, is in conformity with the law. Judge Lehrburger finds, inter alia, that the ALJ erred in three ways: (1) by "discounting the opinions of [Plaintiff's] treating physicians while giving significant weight to the consulting physician"; (2) "by failing to

2

account for the side effects of Ms. Louis' medication"; and (3) by failing to support the decision with "substantial evidence in that there was no evidence in the record that Ms. Louis could sit for the amount of time required to perform sedentary work." (R&R (Dkt. No. 20) at 27) The Court agrees that this case should be remanded for further development of the record.

The ALJ's decision does not provide sufficient analysis to permit this Court to determine whether and to what extent the treating physicians' opinions were considered consistent with the factors articulated by the Second Circuit in Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). For example, nothing in the ALJ's decision indicates that the side effects from Plaintiff's medications were considered in the analysis of the Plaintiff's residual functional capacity, and the record is not sufficiently developed on this issue.[1] (R&R (Dkt. No. 20) at 35-36) Finally, despite the ALJ's finding that Plaintiff has the residual functional capacity for sedentary work, the record is insufficient to support this finding. (Id. at 37-38) There is not substantial evidence in the record that Plaintiff can sit for 6 hours of an 8-hour workday, as is required in a typical sedentary job. (Id. at 38-39) While Plaintiff and her treating physician report inconsistent information about the length of time Plaintiff can sit or stand, both state that the Plaintiff cannot sit for a "long" time. (Id. at 39-40) For these reasons, the R&R's recommendation that this case should be remanded for further consideration by the ALJ does not reflect clear error.

---

[1] For example, the ALJ did not follow up on Plaintiff's statements concerning side effects, including that the "medications make her sleepy." (Id. at 36) The ALJ also did not ask Plaintiff's treating physician to explain "the apparent discrepancy between [Plaintiff's] description of side effects in her medical source opinion and the seeming absence of any reference to side effects in his treatment notes." (Id. at 37)

3

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is adopted in its entirety. Plaintiff's motion for judgment on the pleadings is granted, and the Commissioner's cross-motion is denied. The Clerk of Court is respectfully directed to terminate the motions (Dkt. No. 16, 18). Because the parties did not object to the R&R adopted herein, appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988).

Dated: New York, New York
      April 25, 2019       SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge